**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> KEITH SEQUEIRA, *et al.*, <br><br> Defendants. | Civ. No. 21-20618 (GC) (RLS) <br><br> **MEMORANDUM ORDER** |

CASTNER, U.S.D.J.

This matter comes before the Court upon Plaintiff Metropolitan Life Insurance Company's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Chancery Division, Monmouth County (the "Motion"), filed on January 19, 2022. (ECF No. 11.) Defendants Keith and Helen Sequeira (collectively, "Defendants") opposed (ECF No. 16), and Plaintiff replied (ECF No. 20). For the reasons set forth herein, and for good cause shown, Plaintiff's Motion is granted, and the matter shall be remanded for adjudication by the Superior Court of New Jersey, Chancery Division, Monmouth County.

**I.    PROCEDURAL HISTORY**

On November 17, 2021, Plaintiff filed the Complaint, Docket No. SWC-F-005810-21, in the Superior Court of New Jersey, Chancery Division, Monmouth County.[1] Plaintiff seeks to

---

[1] Plaintiff's Complaint is attached as Exhibit A to the Certification of Keith Sequeira ("Sequeira Cert."), at Defendants' Notice of Removal CM/ECF pages 68-74. (Notice of Removal, ECF No. 1.) The Sequeira Cert. is attached to Defendants' Notice of Removal at CM/ECF pages 11-67. (*Id.*)

accelerate the obligation secured by Defendants on August 20, 2004, for the sum of $344,000.00 (the "Note") in response to an alleged missed series of payments, beginning on November 1, 2018.[2] (Compl. ¶¶ 1, 6.) Specifically, Plaintiff seeks immediate recovery of the unpaid principal on the Note, in addition to unpaid interest, advances, fees, and costs. (*Id.* ¶ 7.) The Complaint asserts two counts, both of which are state claims. Count One seeks to enforce Plaintiff's rights pursuant to the subject note and mortgage. (*Id.* ¶¶ 1-12 (Count One).) Count Two seeks possession of the premises by way of a sheriff's sale. (*Id.* ¶¶ 1-5 (Count Two).)

On December 21, 2021, Defendants removed this action to the District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Defendants filed their Answer, in which they assert counterclaims against Plaintiff, on March 11, 2022. (ECF No. 15.) They filed their Third-Party Complaint on March 25, 2022. (ECF No. 22.)

## II. LEGAL STANDARD

"In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction." *Bank of N. Y. Mellon Tr. Co., Nat. Ass'n v. Poczobut*, No. 13-3303, 2013 WL 4012561, at *1 (D.N.J. Aug. 5, 2013) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand." *Id.* (citing *Batoff v. State*

---

[2] This action follows a prior action initiated in 2016, *Sequeira, et al. v. JP Morgan Chase Bank, N.A.*, 3:16-cv-05278(MAS)(ZNQ) (D.N.J.) (removed Aug. 30, 2016) ("Sequeira I"), in which the Sequeiras filed suit against JP Morgan Chase Bank, N.A. ("Chase") for violations, *inter alia*, of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e), and Chase removed. Sequeira I was terminated on October 10, 2019, following the entry of an Order of Dismissal with prejudice (ECF No. 62).

*Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). "Federal district courts have limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *Id.* (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "Federal statutory law mandates that 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Id.* (quoting 28 U.S.C. § 1447(c)).

## III. DISCUSSION

Defendants assert that "subject matter jurisdiction exists based on federal question jurisdiction pursuant to 28 U.S.C. § 1331," which arises from alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and 12 C.F.R. § 1024, *et seq.*, RESPA (Regulation X). (Sequeira Cert. ¶¶ 121, 129-37.) The Complaint is a foreclosure action based in state law. (*See generally* Compl.) Upon review of the Complaint, the Court has determined that it lacks subject matter jurisdiction to adjudicate this dispute.

Defendants argue that this Court has jurisdiction based on Plaintiff's alleged violations of RESPA and its corresponding regulations as well as violations of federal law by third-parties, which Defendants assert by way of counterclaims and a Third-Party Complaint. Defendants aver that "[t]his Court has jurisdiction because the federal-law claims and state-law claims in th[is] case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." (Defs.' Opp'n 1, 1 n.3, ECF No. 16 (internal quotations and citations omitted).) Defendants cite *Carnegie-Mellon University v. Cohill*, in support of their argument. 484 U.S. 343, 350 (1987). (Defs.' Opp'n 1 n.3.)

The operative phrase within 28 U.S.C. § 1441(a) is "original jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). "Removal of a complaint from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter." *Dee Jay Assocs., Inc. v. Nassau Publ'ns, LLC*, No. 10-4125,

3

2011 WL 9502, at *2 (D.N.J. Jan. 3, 2011) (quoting *Hackensack Univ. Med. Ctr. v. Lagno*, No. 06-687, 2006 WL 3246582, at *2 (D.N.J. Nov. 3, 2006)). "[F]or both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. If it does not appear there, 'no statement in the petition for removal . . . can supply that want . . . .'" *N.J. Div. of Youth and Family Servs. v. Rijova*, No. 10-3745, 2010 WL 2990127, at *1 (D.N.J. July 27, 2010) (quoting *McDonough v. Blue Cross of Ne. Penn.*, 131 F.R.D. 467, 469-70 (W.D. Pa. 1990)) (further citations omitted).

In *Cohill*, the former employee and his wife filed a complaint in state court against the defendants alleging both federal and state law claims. *Id.* at 346. All of the plaintiffs' claims arose from the discharge of the former employee by the defendant employer. *Id.* The defendants removed the case to federal court. *Id.* Six months later, the plaintiffs sought to amend their complaint to delete the federal claim, which had provided the basis for removal of the case, and remand the case back to state court. *Id.* The District Court granted the motion to amend and remanded the case back to state court as the federal-law claim providing the basis for removal had been eliminated from the suit. *Id.* at 347. The Court in *Cohill* affirmed the District Court's decision to remand the case back to state court holding that "a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain." *Id.* at 348.

The difference between this case and *Cohill* is that the Court in *Cohill* had original jurisdiction based on the federal claims asserted in the plaintiffs' complaint to permit removal to federal court. Even if the state claims and the federal claims "derive from a common nucleus of operative fact" as asserted by Defendants, this Court is not permitted to hear the case because it lacks original jurisdiction, in other words, the original Complaint does not assert a federal question,

4

and diversity jurisdiction does not exist.[3] *See Cohill*, 484 U.S. at 349 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); 28 U.S.C. 1441(a). This Court does not have original jurisdiction over this matter as Plaintiff's Complaint is entirely sounded in state law claims.

Also, Defendants cannot remove an action to federal court (and establish original jurisdiction) by invoking federal statutes in a counterclaim, nor by asserting federal claims in a third-party complaint. *See Jackson*, 139 S. Ct. at 1748 ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."). It is well-settled that "under the well-pleaded complaint rule, defenses and counterclaims that implicate federal law are normally insufficient to confer federal jurisdiction." *Indep. Mach Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 693 (D.N.J. 1998) (citing *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). The Supreme Court of the United States has "conclude[d] that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by a counterclaim." *Jackson*, 139 S. Ct. at 1748.

Defendants' additional federal claims that have been asserted in their Third-Party Complaint also do not permit them to remain in a federal forum because in this instance Defendants seek to establish jurisdiction in the role of third-party plaintiffs, not as Defendants. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (determining the

---

[3] Though Defendants have not asserted removal based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the Court notes that the forum-defendant rule would prevent such removal. "Section 1441(b)(2) prohibits removal of an action based on diversity jurisdiction 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Poczobut*, 2013 WL 4012561, at *2 (finding removal prohibited in the foreclosure action, filed in New Jersey state court against New Jersey resident, "the state in which the removing Defendant herself [was] domiciled.").

5

defendant's filing of third-party federal claim after removal does not impact removal jurisdiction because the federal question must be presented by the plaintiff's claim at the time of removal); *see also Jackson*, 139 S. Ct. at 1749 (discussing Congressional intent in differentiating "defendant" in related contexts, including 28 U.S.C § 1441(a) and Federal Rule of Civil Procedure 14, concerning third-party practice). The "third-party claim, like a defense or counterclaim, is a pleading by the defendant," so "it does not change the character of the plaintiff's complaint any more than does the defendant's other pleadings." *Metro Ford Truck Sales*, 145 F.3d at 327. The Fifth Circuit Court of Appeals reasoned that "[t]o hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same." *Id.* Here, the Court analyzes Plaintiff's original Complaint to determine jurisdiction, not Defendants' pleadings, counterclaims, or defenses. *Hudson City Savs. Bank, FSB v. Barrow*, No. 16-4190, 2016 WL 7377102, at *2 (D.N.J. Dec. 19, 2016) ("This is an action to foreclose a mortgage—quintessentially a state law case. A cause of action to foreclose a mortgage does not arise under federal law.").

Lastly, Defendants argue that the Honorable Michael A. Shipp, U.S.D.J., conferred federal jurisdiction to hear this case upon this Court in Sequeira I. However, in Sequeira I, Keith and Helen Sequeira were instead the plaintiffs, asserting violations, *inter alia*, of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e), a federal statute, in their original complaint against Chase. The case was removed to federal court by Chase, based on the federal claims asserted by the Sequeiras in their Complaint. The Court's decision in Sequeira I has no force or effect on Plaintiff's Motion to Remand (ECF No. 11) in this case.

In the current action, the Court is unable to preside over these claims because Plaintiff's original Complaint sets out two state court claims, which belong in a state forum.

## IV.  CONCLUSION & ORDER

The Court, therefore, must remand the matter to the Superior Court of New Jersey, Chancery Division, Monmouth County for adjudication because it lacks subject matter jurisdiction.

**IT IS THEREFORE** on this 6th day of May 2022, **ORDERED** that:

1. Plaintiff's Motion to Remand (ECF No. 11) is **GRANTED**;

2. This action shall be remanded to the Superior Court of New Jersey, Chancery Division, Monmouth County;

3. Plaintiff's pending Motion to Dismiss (ECF No. 24) is hereby terminated; and

4. The Clerk shall serve a copy of this Order upon Defendants Keith and Helen Sequeira by regular mail.

*[signature]*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**